UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL KEITH WATKINS, | No. 2:17-cv-1624 KJN P |
| Petitioner, | |
| v. | ORDER |
| JENNIFER SHAFFER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Petitioner was sentenced to 15 years to life plus five years based on a 1985 Contra Costa County conviction for second degree murder in violation of California Penal Code §§ 187. See Evans v. Swarthout, Case No. CIV S-11-2245 CKD P (E.D. Cal.) (ECF No. 10 at 1). (ECF No. 1 at 36.) Petitioner challenges the denial of parole in 2015. First, petitioner claims that he was denied due process of law because he was previously denied parole on multiple occasions despite his history of employment, advanced age, strong family support, no mental illness, positive psych reports, solid parole plans, minimal juvenile record, and insight and remorse at all board hearings. Second, petitioner claims there was no evidence to support the board's decision to deny parole. Third, petitioner argues that the board based its decision on an "illegal psych report" because the

1

"assessment method used was never approved or tested." (ECF No. 1 at 5.) Finally, petitioner contends that the board relied on unchanging factors, denying parole based on the underlying crime and the flawed "psych report." (ECF No. 1 at 5.)

Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any claims where it plainly appears that petitioner is not entitled to relief. The court has conducted that review with respect to the petition filed June 2, 2016.

California's parole scheme contemplates that a prisoner sentenced to a term of life with the possibility of parole must be found suitable for parole before a parole date can be set. California Penal Code § 3041(b) and related implementing regulations set forth criteria for determining whether a prisoner is suitable for parole. See Cal. Code Regs. tit. 15, § 2402. The prisoner must be found unsuitable and denied a parole date if, in the judgment of the panel, he will pose an unreasonable danger to society if released. Cal. Code Regs. tit. 15, § 2402(a). "The panel shall set a base term for each life prisoner who is found suitable for parole." Cal. Code Regs. tit. 15, § 2403.

In Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam), the Supreme Court considered a habeas claim that a California state prisoner's right to federal due process was violated by parole unsuitability findings that were not supported by "some evidence." Id. The Supreme Court concluded that, while a state, such as California, may create "a liberty interest in parole," the existence of such a state liberty interest does not give rise to a federal right to be paroled. Id. at 861-62 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). Rather, the federal due process protection for such a state-created liberty interest is "minimal" and limited to whether "the minimum procedures adequate for due-process protection of that interest" have been met, namely, whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 862-63; Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process

1 right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural question is "the beginning and the end of" a federal habeas court's inquiry into whether due process has been violated when a state prisoner is denied parole. Cooke, 131 S. Ct. at 862.

Here, petitioner claims his due process rights have been violated, and also challenges the substance of the 2015 parole hearing. Essentially, petitioner claims that the panel's decision was not based on "some evidence," and that the board denied parole based on the underlying crime and the allegedly erroneous psych report. However, petitioner does not allege that he was denied the opportunity to be heard at the 2015 parole hearing, or that there was no statement of the reasons why the hearing panel decided to deny him parole. (ECF No. 1.) Indeed, the record reflects that petitioner was present and represented by counsel at the April 7, 2015 parole hearing. (ECF No. 1 at 163.) Petitioner was provided an opportunity to be heard, and was provided a statement of reasons why parole was denied. (ECF No. 1 at 163-237; 238-46.) Thus, petitioner received all the process due him under the Due Process Clause,[1] and his claims must be dismissed. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 717; Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial of parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

////

////

---

[1] Petitioner was previously advised of the district court's limited due process review under Cooke in the June 21, 2011 findings and recommendations addressing his prior habeas petition challenging the 2010 denial of parole. Watkins v. Monday, Case No. 2:11-cv-1327 KJN P (E.D. Cal.), adopted on August 1, 2011 (J. Burrell).

| | |
|---|---|
| 1 | Finally, petitioner's reliance on <u>Mosley v. Ornoski</u>, 2010 WL 4813677 (9th Cir. 2010), |
| 2 | and <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (ECF No. 1 at 57), is unavailing because |
| 3 | the Supreme Court overruled such cases in <u>Cooke</u>, 562 U.S. at 216. |
| 4 | In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for |
| 5 | a writ of habeas corpus is dismissed. |
| 6 | Dated: August 28, 2017 |

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

evan1223.156.swarthout